UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| COPPER HILL, INC., | No. C13-01345 LB |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** |
| v. | |
| RENATO PAGTALUNAN, et al., | **REPORT AND RECOMMENDATION** |
| Defendant. _____/ | [Re: ECF No. 1, 12] |

## INTRODUCTION

Plaintiff Copper Hill, Inc. ("Copper Hill") filed a complaint for unlawful detainer against Defendants Renato Pagtalunan and Janette Cabauatan (collectively, "Defendants") in San Mateo County Superior Court on January 28, 2013. Complaint, ECF No. 4 at 25-28.[1] Defendants removed it, but now it appears they want to remand the action. *See* Notice of Removal, ECF No. 1; Motion, ECF No. 12. Because Defendants have not consent to or declined the court's jurisdiction, the court directs the Clerk of the Court to reassign this action to a district court judge and recommends that the newly-assigned district court judge remand the action back to San Mateo Superior Court.

## STATEMENT

In its complaint, Copper Hill alleges that it is the owner of property at 24 12th Avenue in San

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

Mateo, California, following a non-judicial foreclosure sale held in accordance with California Civil Code §§ 2924 et seq. *Id.* ¶ 2. It also alleges that its title was perfected by a Trustee's Deed Upon Sale recorded in the San Mateo County Recorder's Office on January 23, 2013. *Id.* ¶ 3. On January 24, 2013, Copper Hill served Defendants, the current tenants of the property, with a written notice demanding that they surrender possession of the property within three days. *Id.* ¶ 7. Defendants, however, failed to do so, *id.* ¶ 8, and Copper Hill responded by filing its complaint on January 28, 2013, *see generally id.* It seeks damages of $112.90 per day, which it alleges is the fair and reasonable rental value of the property, from January 28, 2013 through the date Defendants deliver the property or judgment, whichever comes first. *Id.* ¶ 9.

On March 26, 2013, Defendants removed the action from state court, alleging federal-question and diversity jurisdiction. Notice of Removal, ECF No. 1. On August 5, 2013, however, Defendants filed a "Notice of Voluntary Withdraw[al] and Dismiss[al] Without Prejudice." Motion, ECF No. 12. Through this document, Defendants apparently ask the court to allow them to withdraw and/or dismiss their notice of removal. *See id.* The court thus construes Defendants' notice as a motion to remand the action back to state court. *See* SCHWARZER, TASHIMA & WAGSTAFFE, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 2:3683 (The Rutter Group 2013) ("Even the removing *defendant* can make a motion to remand for lack of jurisdiction.") (italics in original).

## ANALYSIS

**I. LEGAL STANDARD**

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[2] 28 U.S.C. 1441(b). The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto

---

[2] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added).  Removal jurisdiction statutes are strictly construed against removal.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist.  *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  An actual or anticipated federal defense is not sufficient to confer jurisdiction.  *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009).  However, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint.  *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

Federal courts also have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Thus, in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states).  *See* 28 U.S.C. § 1441(b).

**II. APPLICATION**

**A. The Court Lacks Federal-Question Jurisdiction**

Here, Copper Hill alleges a claim against Defendants for unlawful detainer.  See generally Complaint.  Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction.  *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) .

Without any detail, Defendants nonetheless asserts that the court has federal-question jurisdiction because there is "a federal question surrounding the construction of Pooling and Service Agreement of the -, which has not been construed by any court of law, state or federal." Notice of

Removal, ECF No. 1 ¶ 11. (It appears that Defendants did not fill in the blank left in the above-quoted sentence.) Defendants also assert that there is "a federal question of due process rights guaranteed by the Fourteenth Amendment to the United States Constitution arising from property interests and unlawful foreclosure by [Copper Hill], [which] has unlawfully foreclosed the said real property." *Id.* ¶ 12. Despite Defendants' attempt to state these arguments as affirmative claims, no such affirmative claims appear in the complaint. Rather, they are federal defenses, and, as stated above, federal defenses, regardless of their merit, cannot provide this court with federal question jurisdiction. *Franchise Tax Bd. of California*, 463 U.S. at 10; *Hunter*, 582 F.3d at 1042-43.

### B. The Court Lacks Diversity Jurisdiction

As stated above, federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). First, the amount in controversy does not exceed $75,000. In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)). Moreover, as it stands now, Copper Hill requests damages of less than $25,000.[3] The amount of damages at issue in this case does not come close to reaching the threshold amount.

Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal was not proper because Copper Hill filed suit in California, and Defendants are citizens of California. *See* Notice of Removal, ECF No. 1 ¶ 5. As explained above, 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action.

## CONCLUSION

Based on the foregoing, the court believes that remand to San Mateo County Superior Court is

---

[3] Roughly 200 days have passed since Copper Hill filed its complaint. Even at $112.90 per day, its damages do not yet exceed $25,000, let alone $75,000.

C13-01345 LB
ORDER; REPORT AND RECOMMENDATION
4

appropriate.  Because Defendants have neither consented to or declined this court's jurisdiction, the court **ORDERS** the Clerk of the Court to reassign this action to a district court judge and **RECOMMENDS** that the newly-assigned district court judge remand this action back to San Mateo County Superior Court.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72.  Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: August 20, 2013

_____
LAUREL BEELER
United States Magistrate Judge